284 So.2d 574 (1973)
STATE of Louisiana
v.
Albert REED.
No. 53360.
Supreme Court of Louisiana.
October 29, 1973.
*575 William H. Byrnes, III, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Albert Reed was tried under a bill of information charging him with possession of a controlled dangerous substance with intent to distribute. R.S. 40:971. He was convicted of simple possession after a trial by jury and sentenced to five years at hard labor. Defendant appeals, relying on seven bills of exceptions.
Bills of Exceptions Nos. 1, 2, 3 and 4
These bills of exceptions are submitted without argument and should be deemed abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
Bill of Exceptions No. 5
This bill was reserved to the introduction of two packages of heroin and an amount of money into evidence against the defendant. The bill of exceptions is grounded on an alleged illegal search and seizure of the objects. In brief defendant argues that the money had little probative value and was offered for the principal purpose of arousing prejudicial emotions.
At the hearing on the motion to suppress, defendant testified that he was sitting in his car when one Henry Sterling jumped into the automobile. Reed stated that Sterling, upon seeing the police approach, threw something to the floor of the vehicle. The police then arrested both men. Sterling, who subsequently died but was still alive at the time of the hearing, testified that he had thrown nothing, and that the police had found the narcotics on Reed's side of the automobile. When questioned by counsel for the defendant's ultimately severed co-defendant, Sterling, Albert Reed vigorously denied throwing anything outside the car.
Emmit Dupas, one of the arresting officers, stated that he was unable to discern whether anything hit the ground. Officer Siegal testified that while on routine patrol with his partner, Officer Dupas, he observed Reed exit a bar and run across the street to his automobile. When the defendant observed the approaching police vehicle, he allegedly threw two objects, one landing on the ground beside the car. The trial judge evidently believed Officer Siegal's version of the incident.
Abandoned property does not fall with the protection of the Fourth Amendment, and police have the right to retrieve it. State v. Bland, 260 La. 153, 255 So.2d 723 (1971); State v. Winesberry, 256 La. 523, 237 So.2d 364 (1970). Property is not considered abandoned when a person throws away incriminating articles due to the unlawful activities of police officers. State v. Lawson, 256 La. 471, 236 So.2d 804 (1970); Davis, Federal Searches and Seizures, Section 1.511 (1964). The abandonment of the package of heroin does not appear to arise out of unlawful police activity. It was discarded when the defendant saw the patrol car approaching.
Upon retrieving the package and determining that it appeared to contain a narcotic, the officers had probable cause to arrest the defendant. The seizure of the money and the other package of heroin was made incident to a valid arrest. State v. Wood, 262 La. 259, 263 So.2d 28 (1972). Thus, the defendant may not complain of the seizure of the package lying on the street because he had abandoned it. State v. Winesberry, supra.
Defense counsel also urges that the money seized from the defendant should have been excluded because it has little relevance and was offered for the purpose of arousing prejudicial emotions, and because proper identification, connexity and patent materiality had not been established.
*576 We find that an adequate foundation for introduction of the evidence was laid. State v. Isaac, 261 La. 487, 260 So.2d 302 (1972). Defense counsel is correct, however, in asserting that the money had little probative value under the offense charged. Nevertheless, the money, $118.00, did not constitute inflammatory evidence. We fail to see how the defendant was prejudiced. Thus, if admission of the evidence was error it is not grounds for reversal. C.Cr.P. 921.
Bill of Exceptions No. 6
This bill was reserved to the denial of a motion for mistrial grounded on an alleged comment by the district attorney regarding the defendant's failure to refute the State's charges. Defendant alleges these comments are mandatory grounds for mistrial under C.Cr.P. 770(3). The transcript does not contain the substance of the remarks, indicating that the remarks were inaudible to the reporter. Assuming that the defendant's allegations are correct, we do not find error.
To constitute reversible error a remark by the district attorney concerning the defendant's failure to testify must be direct, and the inference plain that such remark was intended to bring the jury's attention to the failure to testify. State v. Howard, 262 La. 270, 263 So.2d 32 (1972). In the language of C.Cr.P. 770, a statement is prohibited when it "refers directly or indirectly to" the failure of the defendant to testify. Statements in argument to the effect that there is no refuting evidence do not constitute an impermissible reference to the failure of the defendant to testify. State v. Cryer, 262 La. 575, 263 So. 2d 895 (1972). This bill is without merit.
Bill of Exceptions No. 7
This bill pertains to the trial court's denial of a motion for new trial made by the defendant based on the reserved bills of exceptions. All the bills have been abandoned or found to be without merit. As such, this bill presents nothing for our review. State v. Rose, 271 So.2d 863 (1973); State v. Crockett, 262 La. 197, 263 So.2d 6 (1972); C.Cr.P. 851.
For the reasons assigned, the sentence and conviction are affirmed.