389 So.2d 1282 (1980)
STATE of Louisiana
v.
Willie FULLILOVE.
No. 67169.
Supreme Court of Louisiana.
October 6, 1980.
Rehearing Denied November 10, 1980.
*1283 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Philip J. Boudousque, Asst. Dist. Atty., for plaintiff-appellee.
Jack Quarles, Indigent Defender Program, Gretna, for defendant-appellant.
DIXON, Chief Justice.
Willie Fullilove was convicted of simple robbery and sentenced to five years at hard labor. He has appealed, assigning as error the trial judge's refusal to grant a mistrial when the prosecutor made reference to the defendant's constitutional right not to testify in his own behalf.
The evidence adduced at trial consisted of testimony by the victim of the robbery and by the off-duty deputy sheriff who, upon seeing the assailant flee from the scene of the robbery, apprehended him moments later at a nearby funeral home: The victim's identification of Fullilove as the robber was made on the basis of his clothing and distinctive hair style. The clothing was not introduced into evidence. The sole witness for the defense was a prison officer who testified that the defendant had been incarcerated since his arrest on the day of the robbery. This testimony was apparently designed to underscore the failure of the state to introduce the clothing. Defense counsel's closing argument, stressing the importance of the clothing to the victim's identification of Fullilove as the robber, repeatedly focused on the failure of the state to produce the clothing.
In rebuttal argument, the prosecutor told the jury that the state could have produced the clothing but did not do so because such evidence would have been cumulative:
"... That is why the evidence was not introduced. The State's case is clear and simple. I really cannot add any more. The only thing that I would like to tell you is that at every phase of these proceedings, this man has been afforded his constitutional right. He has been afforded the right not to take the stand. He has been afforded the right that he has an attorney appointed for him if he can't afford one. His constitutional rights"
At this point defense counsel objected and unsuccessfully requested a mistrial. Reliance is placed on C.Cr.P. 770, which provides in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . . .
(3) The failure of the defendant to testify in his own defense;
. . . . .
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. ..."
This rule safeguards a defendant from unfavorable inferences which might otherwise be drawn from his silence, thereby implementing the Fifth Amendment's protection against self-incrimination. Even without this statute, however, a prosecutor would not be free to comment upon the defendant's failure to take the stand, for the United States Supreme Court recognized in 1965 that such remarks violate the self-incrimination clause of the Fifth Amendment, Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), made applicable to the states through the Fourteenth Amendment. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). Although article 770(3) was not adopted until 1966, the year after Griffin was decided, this court has repeatedly held that such comments constitute reversible error.[1] See, e. g., State v. Marceaux, 50
*1284 La.Ann. 1137, 24 So. 611 (1898).
The state has contended in brief and in oral argument that the reference by the prosecutor in the instant case is nothing more than a recondite, or concealed allusion to defendant's silence. To constitute reversible error, the state argues that the remark must be "... manifestly intended or ... of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. . . ."
The purpose behind the rule embodied in article 770(3) is to prevent attention from being drawn to the fact that the defendant has not testified in his own behalf. When the remark directly points out that the defendant has not testified, it is irrelevant whether the prosecutor intended the jury to draw unfavorable inferences from defendant's silence. See State v. Johnson, 345 So.2d 14 (La.1977). Nor is this court allowed to speculate on the effect that the remark had on the jury. State v. Hall, 297 So.2d 413 (La.1974). When a remark directly refers to the defendant's failure to take the stand, the statute mandates that the defendant be granted a mistrial if he requests one. State v. Marcello, 375 So.2d 94 (La.1979).
This court will inquire into the intended effect on the jury only to distinguish between indirect references to the defendant's failure to testify and statements that the prosecution's case is unrebutted. State ex rel. Clark v. Marullo, 352 So.2d 223 (La. 1977); State v. Frank, 344 So.2d 1039 (La. 1977); State v. Reed, 284 So.2d 574 (La. 1973); State v. Bentley, 219 La. 893, 54 So.2d 137 (1951); State v. Antoine, 189 La. 619, 180 So. 465 (1938). The latter reference is generally permissible. If, however, the defendant is the only one who can dispute the testimony, then "... a reference to the testimony as uncontroverted focuses the jury's attention on the defendant's failure to testify.. . ." State v. Perkins, 374 So.2d 1234, 1237 (La.1979).
Although the remark in the instant case ostensibly was a mere enumeration of the accused's constitutional rights, the prosecutor pointed out in direct language that the defendant has been "afforded the right not to testify." (Emphasis added). The prosecutor here did more than objectively state for the jury the rights that any criminal defendant has. At the close of his rebuttal argument, right before the jury retired, he called attention to the fact that the defendant had not testified. Furthermore, the rebuttal argument by the prosecutor was addressed to the allegations by defense counsel that the clothing, if produced, would have injured the state's case. The defense attorney wanted the jury to draw inferences from the fact that available evidence was not produced. It is plausible that the prosecutor wanted the jury to draw unfavorable inferences from the fact that the defendant was afforded, and obviously exercised, his right to remain silent at his own trial. However, it is not necessary for this court to attempt to read the mind of the prosecutor. His remark directly focusing the jury's attention to the defendant's failure to take the stand constituted a violation of C.Cr.P. 770(3). A mistrial should have been granted.
*1285 For the reasons assigned, the conviction and sentence are reversed, and the case is remanded for a new trial.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I dissent. See my dissent in State v. Perkins, 374 So.2d 1234 (La.1979).
NOTES
[1] Article 770(3) had no counterpart in the predecessor Code of Criminal Procedure adopted by the legislature in 1928. See 1928 La. Acts, No. 2 (codified as R.S. Title 15). The commissioners who drafted the 1928 Code had intended to allow comment by the prosecutor on the accused's silence, but the legislature deleted this clause when enacting the Code. This court subsequently held that, despite the legislative omission, comment by the prosecutor would infringe the constitutional rights of the accused. State v. Bentley, 219 La. 893, 54 So.2d 137 (1951).

Article 770(3), in disallowing prosecutorial comment, is a codification of jurisprudence. That article, however, also prohibits remarks by either the court or by a court official. At one time the judge was required to charge the jury that the defendant's "failure to testify shall not be construed for or against him," 1886 La.Acts, No. 29, but in 1916 the legislature omitted this requirement, 1916 La.Acts, No. 157. In State v. Dierlamm, 189 La. 544, 180 So. 135 (1938), this court rejected the argument that a judge's sua sponte giving of this charge "... directs the attention of the jury to the fact that defendant did not testify in his own behalf, which is, in effect a comment on the facts and an invasion of defendant's constitutional rights." 189 La. at 553, 180 So. at 137. We note in passing the difference between a jury charge (requested or not) on the defendant's right to silence and the remarks in closing argument by the prosecutor in the instant case.