WILLIAMS, Judge.
This is an appeal from a decision of a jury finding defendants Albert Reed and William Riley guilty of armed robbery in violation of La.R.S. 14:64. After conviction, each defendant was sentenced to ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence. It is from these convictions and sentences that defendants now appeal, assigning six assignments of error, three of which have been abandoned on appeal. FACTS
The following facts were adduced at trial by the State: on December 22, 1981, two men robbed Kirschman’s furniture store. There were three witnesses in Kirschman’s at the time of the robbery. These men gave the police a description of the robbers, a description of their car, and a part of the license plate number. Exactly one month later, a police officer saw a car matching the description of that used in the Kirsch-man’s robbery. The occupants of the car matched the descriptions of the robbers. The police officer pulled the car over, and after confirming that the occupants of the car matched the description of the armed robbers, arrested defendants Reed and Riley. A search of both suspects yielded bullets in the pocket of Reed’s pants. It was determined that the license plate number belonged to another vehicle. When attempting to find the identification number of the car, the police officer opened the hood. Once the hood was opened, he observed a sawed-off shot gun in the left wheel well. The officer then obtained a search warrant, and the car was towed to police headquarters, where it was searched. A .357 magnum was subsequently found under the windshield wiper water dispenser.
A lineup was conducted approximately two weeks later. One of the witnesses at Kirschman’s positively identified both defendants as the men who had robbed Kirschman's. At trial, all three witnesses positively identified the defendants.
WILLIAM RILEY
Defendant Riley argues that remarks made in closing arguments by the prosecutor constituted a direct reference to his failure to take the stand and a mistrial, therefore, should have been granted by the. trial court.
The remark made by the assistant district attorney about which defendant complains was:
“Now the presumption of innocence that the defendant’s [sic] do not have to take the stand. William Riley did not take the stand and that is the way the law is and there is a good reason why the law is
At this point, defense counsel moved for mistrial which the trial court denied.
Article 770 of the Louisiana Code of Criminal Procedure provides that a mistrial shall be granted when the district attorney remarks upon the failure of defendant to testify in his own defense. La.C.Cr.P. art. 770(3). In order for a remark to constitute reversible error, it must be direct and the inference plain that the remark was intended to bring the jury’s attention to the failure to testify. See State v. Reed, 284 So.2d 574 (La.1973). A distinction is made between direct and indirect references to the defendant’s failure to testify. If a reference is direct, the court does not question whether the prosecutor intended the jury to draw unfavorable references from the defendant’s silence, nor is the court allowed to speculate upon the effect the remark may have had. State v. Johnson, 345 So.2d 14 (La.1977); State v. Hall, 297 So.2d 413 (La.1974). If a remark directly refers to the failure to take the stand, defendant must be granted a mistrial if requested. State v. Fullilove, 389 So.2d 1282 (La.1980); State v. Marcello, 375 So.2d 94 (La.1979).
In State v. Fullilove, supra, the prosecutor remarked:
“The only thing that I would like to tell you is that in every phase of these proceedings, this man has been afforded his constitutional right. He has been afforded the right not to take the stand. He *1277 has been afforded the right that he has an attorney appointed for him if he cannot afford one ...”
Id. at 1283
As in the present case, defense counsel in Fullilove requested a mistrial which was denied. The Louisiana Supreme Court, however, held that even though the remark was ostensibly an enumeration of the accused’s constitutional rights, it was a direct reference to the defendant’s failure to testify. The court held that a mistrial should have been granted.
Based upon the ruling by the Louisiana Supreme Court, we must find that the prosecutor’s remarks in this case were a direct reference to defendant Riley’s failure to testify, and, therefore, are grounds for reversal.
Because we find that the trial court’s failure to grant a mistrial is grounds for reversal, we need not address the other issues raised by defendant Riley on appeal.
ALBERT REED
Albert Reed assigned as error the trial court’s denial of a motion to suppress the identification. This assignment of error has two bases: (1) the lineup was im-permissibly suggestive, and (2) the lineup was conducted without counsel and therefore was in violation of his Sixth Amendment right.
In the photograph of the lineup introduced at trial, defendant Reed is noticeably shorter and older than the other participants. We need not decide, however, whether the lineup was suggestive, because we find that there was not a substantial likelihood of misidentification.
Although a lineup is considered suggestive if the witness’s attention is focused on defendant, the United States Supreme Court has held that five factors can be used to determine whether the identification was nevertheless reliable. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); See also State v. Tate, 454 So.2d 391 (La.App. 4th Cir.1984). These five factors are: (1) the witness’s opportunity to view the accused at the time the crime was committed; (2) the witness’s degree of attention at the time of the crime; (3) the accuracy of the description of the accused given by the witness previously; (4) the witness’s degree of certainty; and (5) the length of time which has elapsed between the crime and the identification. Manson, supra.
In this case, the description given by the witness who identified the defendant shortly after the crime was perpetrated, matched defendant’s appearance. The witness also observed defendant for at least six minutes from a distance of two feet in a well-lit store at 10:00 in the morning. The witness also testified at the hearing of the motion to suppress that he talked to no one during the identification process and that he voluntarily identified the defendant.
For these reasons, we find that although the lineup may have been suggestive, there was not a substantial likelihood of irreparable misidentification. State v. Morgan, 454 So.2d 364 (La.App. 4th Cir.1964).
Defendant also claimed that the lineup was conducted without counsel which was in violation of his Sixth Amendment right to counsel. We find this argument also to be without merit. Presence of counsel at a pre-indictment lineup is not mandated by the Sixth Amendment. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); State v. Russell, 416 So.2d 1283 (La.1982); State v. Stewart, 389 So.2d 1321 (La.1980).
For these reasons, the conviction and sentence of defendant Reed are affirmed, and the conviction and sentence of defendant Riley is reversed and his case is remanded for a new trial.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.