LANIER, Judge.
Defendant, Billy J. Neidlinger, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. He was tried by a jury, convicted as charged and sentenced to serve twenty-three years at hard labor, without benefit of probation, parole or suspension of sentence. This appeal followed.
FACTS
Defendant was charged with the robbery of Joe Reyer during the early morning hours of August 22, 1983, at a rest stop on Interstate 59 near Slidell, Parish of St. Tammany, Louisiana. The victim and his companion were offshore workers on their way to their departure point of Venice, Louisiana. The men stopped at the rest area around 2:00 a.m. Soon after they entered the facility, three young men walked in, passing the victim’s companion as he walked out the door. While the victim was seated in an open stall, two of the men, one identified later as Bobby J. Cochran and the other a juvenile, stood by the sides of the stall and the third, defendant, stood in front of the victim with a knife and asked for his wallet. The victim attempted to convince the men he had no money on his person. Defendant told the victim he “wouldn’t ask twice” and threatened to “cut [his] guts out” if the victim did not comply. The victim surrendered his wallet.
Defendant briefly rifled the wallet before running with the others from the rest room. The victim gave chase through the rest stop but was forced to abandon his pursuit when the assailants crossed a fence and ran into the woods. He returned to the building and summoned the police.
Defendant and the juvenile participant were arrested later that morning by officers investigating a disturbance at a convenience store. Defendant’s description and physical condition approximated that of one of the robbery suspects. The victim was taken to the store, and he positively identified defendant as one of the participants. Defendant was thereafter arrested for armed robbery.
Defendant gave a taped statement in which he admitted taking the victim’s wallet in the rest room but denied he had used the knife in a threatening manner and claimed he was merely cleaning his fingernails. Defendant’s statement also inculpated Michael Freeman, Bobby J. Cochran and the juvenile. Freeman and Cochran also gave taped statements admitting their participation. These statements were essentially identical with regard to the commission of the crime, Cochran stating he accompanied defendant into the rest room; Freeman claimed he acted as the lookout.
Defendant, Cochran and Freeman were jointly charged by bill of information. Freeman was jointly tried with defendant. He testified at trial, repudiated that portion of his taped confession wherein he admitted that he acted as a lookout and claimed he ran away as soon as the others went into the rest room. Freeman was acquitted.
*191 ADMISSION OF CODEFENDANT’S STATEMENT
(Assignment of Error No. 3)[1]
Defendant contends the trial court erred by admitting Michael Freeman’s taped confession into evidence without deleting references to defendant’s participation in the crime. He argues the statement was inadmissible under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), because it violated his constitutional right to confront his accusers.[2]
In Bruton, the United States Supreme Court reversed the robbery conviction of a defendant who had been implicated in the crime by his codefendant’s extrajudicial confession. Because the codefendant had not taken the stand at the joint trial and, thus, could not be cross-examined, the Court held that the admission of the code-fendant’s confession violated defendant’s rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution.
Thereafter, in Parker v. Randolph, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979), a plurality of the Court found the Bruton rule inapplicable when the defendant himself has confessed and his confession “interlocks” with and supports the confession of his codefendant. The Court reasoned that “the incriminating statements of a codefendant will seldom, if ever, be of the ‘devastating’ character referred to in Bruton where the incriminated defendant has admitted his own guilt.” 442 U.S. at 73, 99 S.Ct. at 2139. The Court found exclusion of the evidence was not necessary where the jury was properly instructed that each confession could be considered only as to its maker.
Recently, in Lee v. Illinois, — U.S. -, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986), the Court again noted that a codefendant’s confession is presumptively unreliable as to the passage detailing the defendant’s conduct or culpability because those passages may well be the product of the codefend-ant’s desire to shift or spread blame, curry favor, avenge himself, or divert attention to another. The Court reversed the petitioner’s conviction of murder, setting forth the following test to determine the sufficiency of the degree to which the statements interlock:
If those portions of the codefendant’s purportedly ‘interlocking’ statement which bear to any significant degree on the defendant’s participation in the crime are not thoroughly substantiated by the defendant’s own confession, the admission of the statement poses too serious a threat to the accuracy of the verdict to be countenanced by the Sixth Amendment. In other words, when the discrepancies between the statements are not insignificant, the codefendant’s confession may not be admitted.
Lee v. Illinois, 106 S.Ct. at 2064-2065.
In the confessions at issue herein, each defendant recounted the essential and material facts of the offense in a substan *192 tially identical manner. Each confession implicated the confessor and his codefend-ant. The statements contain no significant discrepancies. Freeman’s statement, therefore, was admissible under the above test.
Bruton is based on the defendant’s right of confrontation. Michael Freeman took the stand during trial and was subject to cross-examination by defendant. Thus, the defendant was given an opportunity to confront and cross-examine Freeman.[3]
Defendant also submits that the court erred in admitting Freeman’s statement without deleting references to himself. This process, also known as “redacting”, was noted in Bruton, 391 U.S. at 134, 88 S.Ct. at 1626, n. 10, and was approved by the Louisiana Supreme Court in State v. Jenkins, 340 So.2d 157 (La.1976), as an alternative to a severed trial. The use of Freeman’s confession, as it pertained to the defendant, was a technical violation of the prohibition against admitting hearsay which is contained in La.R.S. 15:434. None of the various hearsay exceptions are applicable to this situation. The “confession” or “admission” exception contemplates use of the confession against the confessor, not against a third person. La.R.S. 15:449, et seq. The “coconspirator” exception of La. R.S. 15:455 is applicable only to what is “said or done in furtherance of the common enterprise.” Freeman’s confession was not made' during the existence of the alleged conspiracy. However, this technical error is harmless beyond a reasonable doubt because the speaker (Freeman) was present for cross-examination and there is independent evidence in the record to confirm the hearsay. Cf. State v. Lindsey, 404 So.2d 466 (La.1981).
All of the relevant evidence, including defendant’s confession, Freeman’s confession and later trial testimony, established that Freeman was not in the rest room during the robbery. The victim identified defendant but did not identify Freeman or indicate he was inside during the robbery. Thus, Freeman’s statement bore no reference to what was essentially the only disputed issue at trial, that is, whether or not defendant used the knife in a threatening manner. Freeman’s statement added no information bearing on defendant’s guilt that was not set forth in defendant’s own statement. Moreover, any problem that might have occurred was obviated by Freeman’s trial testimony, in which he clearly inculpated defendant. After reviewing the record, we conclude that there was no reasonable possibility that the introduction of the hearsay contributed to the conviction, and its erroneous admission into evidence was harmless beyond a reasonable doubt. Cf. State v. Gibson, 391 So.2d 421 (La.1980); State v. Robertson, 464 So.2d 760 (La.App. 1st Cir.1984), writ denied, 467 So.2d 534 (La.1985).
This assignment of error is without merit.
PREJUDICIAL REMARKS
(Assignment of Error No. 4)
Defendant contends that the trial court erred in denying his motion for a mistrial on the ground that the State in closing argument made an indirect reference to defendant’s failure to testify in his own defense.
During the State’s rebuttal argument, the following took place:
He runs from the place where the police come. He hides in the woods for hours. He goes home. Does he call the police and say, hey, I saw an armed robbery. I wasn’t involved. I don’t want to be picked up. Gee, I’m sorry. I didn’t mean to be there. They don’t even get up here and say they’re sorry they did this. They knew that this was wrong.
[Emphasis added.]
*193 At the conclusion of the argument, defendant objected to the statement and moved for a mistrial on the ground that the remarks constituted a comment on the fact that defendant did not take the stand. The court overruled the objection.
La.C.Cr.P. art. 770 prohibits both direct and indirect references to defendant’s failure to testify. This rule safeguards a defendant from unfavorable inferences which might otherwise be drawn from his silence, thereby implementing the Fifth Amendment’s protection against self-incrimination. State v. Fullilove, 389 So.2d 1282 (La.1980). However, when the allusion is indirect, it constitutes reversible error only when the prosecutor intended to emphasize defendant’s failure to testify. State v. Jackson, 454 So.2d 116 (La.1984).
We find no evident intent on the part of the prosecutor to focus attention upon defendant’s failure to testify. The remarks, although unwarranted, were not a reference to defendant’s silence in exercise of his protection against self-incrimination but specifically referred to the fact that defendant (and the other parties involved) had not apologized to the victim for the stress and inconvenience they caused him. Therefore, the prosecutor’s remarks did not focus the jury’s attention on defendant’s failure to testify, and it cannot be inferred that the prosecutor intended to emphasize defendant’s failure to testify.
This assignment of error is without merit.
EXCESSIVE SENTENCE
(Assignment of Error No. 5)
Defendant contends the trial court imposed an excessive sentence. He argues the mitigating factors applicable herein, including his youth, status as a first felony offender, family life, behavioral changes occasioned by a head injury, and voluntary intoxication at the time of the offense, mandate a lesser sentence.
Given compliance with La.C.Cr.P. art. 894.1, a sentence will not be set aside as excessive in the absence of a manifest abuse of the trial judge’s wide sentencing discretion. State v. Dunns, 441 So.2d 745 (La.1983). The penalty provision for armed robbery is imprisonment at hard labor for not less than five years and not more than ninety-nine years, without benefit of probation, parole or suspension of sentence. La. R.S. 14:64. Thus, the sentence of twenty-three years imposed herein is less than one-third the maximum permissible for the offense.
The sentencing transcript reflects the trial court adequately considered the mitigating factors advanced by defendant. The court stated as its first consideration the fact that defendant held the knife, threatening the victim who was unable to defend himself. While noting defendant had no other felony convictions, the court further noted defendant’s extensive history of juvenile delinquency, which exhibited a trend toward violent offenses. The court opined defendant was continuing criminal activity in a way that could seriously harm others.
Under these circumstances, the sentence imposed was clearly not excessive. State v. Dunns; State v. Brown, 481 So.2d 679 (La.App. 1st Cir.1985), writ denied, 486 So.2d 747 (La.1986).
This assignment of error is without merit.
DECREE
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

. Assignments of error numbers 1 and 2 contested the denials of a motion to suppress identification and a motion to suppress the confession. These assignments of error were not briefed on appeal and are, therefore, considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.

. The State argues defendant is not entitled to advance his confrontation argument because his trial counsel objected to the evidence on the ground that the admission of the tape without excising references to the codefendant was an improper comment on the evidence. Counsel for Freeman had previously objected to the introduction of the tape of defendant’s confession because of its nature as hearsay evidence and the denial of his right of confrontation. He moved the court to excise the tape to delete references to his client. The court denied the motion and ordered the tapes played to the jury without excision. Thereafter, defendant’s counsel objected to the introduction of the tapes without excision on the ground that the court was improperly commenting on the evidence by ordering the tapes played in its entirety, a reference, no doubt, to the court’s implied determination' that the tapes were interlocking.
If an objection has been made when more than one defendant is on trial, it shall be presumed, unless the contrary appears, that the objection has been made by all of the defendants. La.C. Cr.P. art. 842. Counsel for both defendants obviously objected to the admission of a statement of one defendant which inculpated the other. Defendant’s motion was made only after Freeman’s objection had been overruled. Defendant’s objection was preserved.

. See also California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), wherein the Court noted that "[v]iewed historically ... there is good reason to conclude that the Confrontation Clause is not violated by admitting a declar-ant’s out-of-court statements, as long as the de-clarant is testifying as a witness and subject to full and effective cross-examination.” 399 U.S. at 158, 90 S.Ct. at 1935.