779 So.2d 698 (2001)
STATE of Louisiana
v.
Germaine MITCHELL.
No. 2000-KK-1399.
Supreme Court of Louisiana.
February 21, 2001.
*699 Richard P. Ieyoub, Attorney General, John P. Haney, District Attorney, Keith Rayne Jules Comeaux, St. Martinville, Counsel for Applicant.
M. Craig Colwart, Counsel for Respondent.
CALOGERO, Chief Justice[*]
On September 17, 1999, the defendant was tried for second degree murder of Alton Francis Jr. and attempted second degree murder of Felton Johnson. He did not deny killing Alton Francis Jr., nor shooting Felton Johnson. However, he claimed that he acted in self-defense and in defense of a friend, one Ervin Mitchell, because they were being attacked by a group of men led by Alton Francis Jr., 6' 7", 300 pounds and armed with a baseball bat. The State argued that at the time of the shootings, the defendant was out of harm's way, he was in the passenger seat of a car, could have driven away, but instead got out of the car, discharged several rounds from an automatic weapon, with one shot killing Francis while he was more than six to fifteen feet away and another injuring Johnson, a bystander. Therefore, the State claimed that the killing was unjustified. The jury convicted the defendant of the lesser charges of manslaughter in the killing of Francis and aggravated battery in the shooting of Johnson.
*700 Just prior to sentencing, the defendant filed a motion for new trial alleging that the prosecutor made an indirect reference to his failure to testify during rebuttal argument, a violation of La. C.Cr.P. art. 770(3). After a hearing on the motion, the trial court granted the defendant a new trial, finding that the prosecutor made an impermissible indirect comment on the defendant's failure to testify. The State filed an application for supervisory writs in the court of appeal, which was denied. State v. Mitchell, 00023 (La.App. 3 Cir. 4/17/00) (unpublished). Thereafter, the State sought supervisory writs in this Court, which we granted. State v. Mitchell, 00-1399 (La.10/13/00), 771 So.2d 93.
The statement made by the prosecutor during rebuttal argument which the defendant belatedly protested in his post verdict motion for a new trial was "Where's the weapon? One person knows where the weapon is. One person." Defense counsel did not object to the prosecutor's statement during the trial, presumably because he did not hear the statement when it was made. While the jury was deliberating, the court reporter informed defense counsel of the prosecutor's remark. Additionally, the trial judge at some point told counsel that the reason he did not hear the statement was that he was talking to his client, the defendant, when the prosecutor made the statement in rebuttal argument. Despite knowing about the prosecutor's statement prior to the jury's returning its verdicts, defense counsel did not move for a mistrial or seek any remedial action. It was well after the jury returned its verdict, in fact one day prior to sentencing some thirty-six days after the verdict was rendered, that defendant protested in his motion for new trial.
At the hearing on the defendant's motion for new trial, the prosecutor argued that the defendant was procedurally barred from objecting to the statement by way of the belated motion because he failed to make a contemporaneous objection at trial. The prosecutor also argued that his remark was not impermissible because it was not a reference to the defendant's not testifying but an argument excusing the State's not placing a gun in evidence. In effect, he was saying the witness Jason Papillion testified that defendant told him he had thrown the weapon away after the incident. Where's the weapon? The defendant may know where it is, but the State does not. The comment was a reference to this reality. It was not the prosecutor's intent to refer to or draw attention to the defendant's failure to take the witness stand in his defense.
After argument on the motion for new trial, the trial judge stated:
With regard to the timeliness of the motion ..., if this is a statement which would have required granting of a mistrial, then the objection, the contemporaneousness of the objection is of no moment. Because if the objection would have been made contemporaneously, nothing could have been done to cure it. A mistrial would have been declared. So the fact that the objection was not made timely is of no [e]ffect....
So, the trial judge addressed the motion and concluded that the prosecutor's statement was an indirect reference to the defendant's not testifying. He therefore granted the defendant's motion for new trial.
The State now challenges the trial court's ruling, arguing that (1) defense counsel waived his right to protest the error because he failed to lodge a contemporaneous objection and (2) the prosecutor's statement was not an indirect reference to the defendant's failure to testify. We need not decide whether the trial judge was correct when he held that the defendant was not barred for lack of a contemporaneous objection from asserting prejudicial error in the district attorney's comment[1] because we prefer to address *701 defendant's contention, found meritorious by the trial judge, that La.C.Cr.P. art. 770(3) and defendant's constitutional right against self incrimination were offended by the district attorney's indirect reference to his failure to testify.
The issue is whether the prosecutor during his closing rebuttal argument improperly drew the jury's attention to the fact that the defendant did not take the stand and testify when the prosecutor made the statement quoted at the outset of this opinion. For reasons which follow, we hold that the statement was neither a direct reference nor an intended indirect reference to the defendant's failure to testify in his defense and the trial judge erred when he granted the mistrial.
La.C.Cr.P. art. 770(3) provides that the trial court "shall" declare a mistrial when the prosecutor "refers directly or indirectly to ... the failure of the defendant to testify in his own defense...." The purpose behind art. 770(3)'s prohibition against such prosecutorial comment is to protect the defendant's Fifth Amendment right against self-incrimination by preventing attention being drawn directly or indirectly to the fact that the defendant has not testified on his own behalf. State v. Fullilove, 389 So.2d 1282, 1283 (La. 1980); Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).
"Direct" and "indirect" references to the defendant's failure to take the stand are prohibited by article 770(3). State v. Johnson, 541 So.2d 818, 822 (La. 1989). "When the prosecutor makes a direct reference to the defendant's failure to take the stand, a mistrial should be declared, and `it is irrelevant whether the prosecutor intended for the jury to draw unfavorable inferences from defendant's silence.'" Id. (citing Fullilove, 389 So.2d at 1284). When the reference to the defendant's failure to take the stand is not direct, this Court will inquire into the remark's "intended effect on the jury" in order to distinguish indirect references to the defendant's failure to testify (which are impermissible) from statements that are not (which are permissible, though not favored). Johnson, 541 So.2d at 822; Fullilove, 389 So.2d at 1284; State v. Jackson, 454 So.2d 116, 118 (La.1984). In order to support the granting of a mistrial, the inference must be plain that the remark was intended to focus the jury's attention on the defendant's not testifying. State v. Smith, 327 So.2d 355, 362 (La.1975) (on rehearing); State v. Reed, 284 So.2d 574, 576 (La.1973); State v. Howard, 262 La. 270, 263 So.2d 32 (1972).
There are indirect references which focus on, or are intended to focus on a defendant's failure to testify. One such instance is when the defendant is the only witness who can rebut the state's evidence. Such a reference to the testimony as uncontroverted focuses the jury's attention on the defendant's failure to testify and warrants a mistrial. State v. Perkins, 374 So.2d 1234, 1237 (La.1979); Fullilove, 389 So.2d at 1284; State v. Harvill, 403 So.2d 706, 711 (La.1981). Then, there are and can be indirect references which are not intended to focus on a defendant's not testifying. One such frequently seen instance is a prosecutor's emphasizing that the State's evidence is unrebutted in a situation where there are witnesses other than the defendant who could testify on behalf of the defense, but have not. See, e.g., State v. Jackson, 454 So.2d 116, 118 *702 (La.1984); State v. Smith, 433 So.2d 688, 697 (La.1983); State v. Latin, 412 So.2d 1357, 1363 (La.1982). Also "[s]tatements in argument to the effect that there is no refuting evidence does not constitute an impermissible reference to the defendant's failure to testify." State v. Reed, 284 So.2d 574, 576 (La.1973) (citing State v. Cryer, 262 La. 575, 263 So.2d 895 (1972)).
Another such instance of an indirect reference that does not focus on the defendant's not testifying is what happened in this case. During the trial, Jason Papillion testified that the defendant told him that he threw the gun away while traveling from Breaux Bridge to Lafayette. That testimony was the only evidence regarding the whereabouts of the weapon, which of course, was not introduced into evidence. There was testimony that the bullet retrieved from Alton Francis, Jr. was a fired from an automatic weapon (a .380 Larson). Papillion's testimony that defendant told him he had thrown the gun away explained why the state was unable to produce the murder weapon.
The prosecutor believed it was important to the State's case that the jury understand why the murder weapon was not put in evidence by the State. That belief on his part was not unrealistic. The United States Supreme Court recognized this very problem in Old Chief v. United States, 519 U.S. 172, 188, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), when is stated:
[B]eyond the power of conventional evidence to support allegations and give life to the moral underpinnings of allegations of law's claims, there lies the need for evidence in all its particularity to satisfy the juror's expectations about what proper proof should be. Some such demands they bring with them to the court house, assuming, for example, that a charge of using a firearm to commit an offense will be proven by introducing a gun in evidence. A prosecutor who fails to produce one, or some good reason for his failure, has something to be concerned about.
Taken in this context, the words "Where's the weapon? One person knows where the weapon is. One person." do not necessarily focus upon the defendant's failure to take the stand. Nor do they support the likelihood that the prosecutor intended to do so. The comment comes across as an explanation for the State's inability to introduce the murder weapon because the defendant threw the weapon away while he was traveling from Breaux Bridge to Lafayette.
We conclude that the jurors more than likely would not have received the words of the prosecutor as an invitation to draw an admission of guilt from the defendant's failure to testify, but rather as a reason for why the jury should not penalize the State for its failure to enter the murder weapon into evidence. See State v. Rash, 444 So.2d 1204, 1206 (La.1984) (State can establish use of the weapon through the admission of the actual weapon or prove its existence by other means).

DECREE
For the forgoing reasons, we vacate the trial court's order granting a new trial, reinstate the verdicts of guilty of manslaughter and aggravated battery and remand the case to the district court for a sentencing hearing.
DISTRICT COURT'S JUDGMENT GRANTING NEW TRIAL REVERSED; REMANDED FOR SENTENCING
KNOLL, J., concurs and assigns reasons.
KNOLL, Justice, Concurring
Defendant filed a motion for a new trial under article 851(4) of the Louisiana Code of Criminal Procedure which provides that a court shall grant a new trial if "the defendant has discovered, since the verdict or judgment of guilt, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence *703 by the defendant, was not discovered before the verdict or judgement." LA. CODE CRIM. PROC. ANN. art 851(4). I agree with the majority's holding that the prosecutor's statement was not a prejudicial error infringing on defendant's right against self-incrimination. Indeed, I find the complained of statement a weak argument. I write separately because the majority pretermitted a discussion on the contemporaneous objection issue which, in my view, is the more serious error committed by the trial court and defendant.
Article 851(4) not only mandates that an error raised in a motion for new trial be prejudicial, but also mandates that the error not be discovered before the verdict or judgment. See LA.CODE CRIM. PROC. ANN. art 851(4). If the error was discovered or should have been discovered through reasonable diligence before the verdict or judgment, defendant cannot raise the issue post-verdict in a motion for new trial under article 851(4). This accords with the contemporaneous objection rule found in article 841(A) that provides an "irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." LA.CODE CRIM. PROC. ANN. art. 841(A) (emphasis added). Article 851(4) contemplates an error to which defendant could not object because defendant did not know or could not know through reasonable diligence of its existence. Article 851(4) does not contemplate a new trial based on an error to which defendant could have objected before the judgment or verdict was returned.
The contemporaneous objection rule prevents "a defendant from gambling for a favorable verdict and then, upon conviction, resorting to appeal on errors which either could have been avoided or corrected at the time or should have put an immediate halt to the proceedings." State v. Taylor, 93-2201 p. 7 (La.2/28/96), 669 So.2d 364, 368-69 (citing State v. Arvie, 505 So.2d 44, 47 (La.1987); State v. Mart, 419 So.2d 1216, 1218 (La.1982); State v. Smith, 339 So.2d 829, 834 (La.1976), cert. denied, 430 U.S. 986, 97 S.Ct. 1685, 52 L.Ed.2d 381 (1977)). The purpose of the contemporaneous objection rule applies not only in appeals, but also in motions for a new trial. Defense counsel cannot refrain from objecting to potential prejudicial errors and then raise the error in a motion for a new trial under article 851(4) as Mitchell's counsel did in the present case.
Mitchell's counsel discovered the prosecutor's statement while the jury was deliberating. Counsel did not object. Had counsel objected when he discovered the statement two things could have happened. First, the judge could have repaired the error by calling the jury into the court room and issuing proper instructions that the jury disregard the statement. Or second, the judge could have declared a mistrial. By waiting until after the verdict to object, defense counsel was allowed to gamble with the jury verdict, i.e., take the chance that the jury return a not guilty verdict or return a verdict of a lesser included offense. When the jury convicts on a lesser included offense, the State is barred from retrying defendant on the original charge; the State may only retry defendant on the lesser included offense. See LA.CODE CRIM. PROC. ANN. art. 598(A).
This sort of keen trial tactic is not sanctioned by articles 841(A) and 851(4). It denies the State the opportunity to repair the damage of an objectionable statement through jury instructions and further denies the State the ability to retry the defendant on the original charge. A defendant cannot take a second bite of the apple by lying in wait and objecting to problematic statements through a motion for a new trial when the statements are discovered or reasonably discoverable before the verdict is returned.
NOTES
[*] James C. Gulotta, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.
[1] The judge might not have been correct when he said that failure to make the objection was inconsequential. One consequence of the failure to make a timely objection or timely move for a mistrial was the state's loss of an opportunity to try defendant anew on the original charged crimes rather that the reduced crimes to which he was found guilty by the jury. See La.Code Crim. Proc. art. 598(A) ("When a person is found guilty of a lessor degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial.") Effectively defendant by waiting until after the verdicts were rendered to seek a new trial, has assured himself of only being tried on the lesser charges if successful in securing a new trial.