806 So.2d 760 (2001)
STATE of Louisiana
v.
Donnie L. MIMS & Aaron A. Trim.
No. 00-KA-1507.
Court of Appeal of Louisiana, Fifth Circuit.
December 26, 2001.
*763 Paul D. Connick, Jr., District Attorney, Churita H. Hansell, Assistant D.A., Terry M. Boudreaux, Assistant D.A., Quentin P. Kelly, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
Frederick Kroenke, Baton Rouge, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
DUFRESNE, Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendants, Donnie Mims and Aaron Trim, with theft of goods valued over $500 in violation of LSA-R.S. 14:67.10. Defendants proceeded to trial and were found guilty as charged by a unanimous six person jury. The trial judge sentenced both defendants to five years at hard labor.
The state then filed a multiple offender bill of information against each defendant alleging them to be fourth felony offenders. Both defendants denied the allegations in the multiple bill and proceeded to separate hearings, after which each defendant was found to be a multiple offender. The trial court vacated defendants' original sentences and sentenced each defendant to twenty years under LSA-R.S. 15:529.1. Defendants now appeal.

FACTS
At approximately 7:00 p.m. on December 23, 1999, Deputy Joseph Ortego and Deputy Keith Young were working security detail at Dillard's in Lakeside Mall. While monitoring the surveillance camera equipment in the store security office, they observed defendants acting suspiciously in the Tommy Hilfiger department of the store. Upon closer camera inspection, Mims was observed removing shirts from the racks and placing them in a brown bag that had been carried by Trim. Deputy Young left the security office and went out to the floor. Deputy Ortego then saw Trim pick up the bag and start walking towards the mall exit. Defendants passed up a cash register while walking towards the mall exit and made no attempt to pay.
Via radio, Deputy Ortego instructed other deputies, who were on the floor, to stop defendants. He then left the security office to assist in the stop. Deputies Young and Davis, who had not previously been in the security room, approached defendants when they were approximately five feet from the store exit. At the approach of the security guards, Trim dropped the bag which was immediately recovered by the store manager. The bag revealed twelve shirts valued at $764.00. Defendants were detained and escorted to the security office where they were subsequently arrested.

DENIAL OF MOTION FOR MISTRIAL
In this first assigned error, defendants argue that the trial court erred in denying the motion for mistrial based on comments made by the prosecutor during closing arguments.
During defendant Mims' closing argument, defense counsel argued that the state did not prove the value of the individual shirts, an essential element of the charge of theft. In rebuttal, the state responded:

*764 Okay, the evidence was the testimony that you heard from the stand. And what did you hear, uncontradicted evidence from the two deputies, you saw the photograph, you saw the shirts. What's the value of the shirts, $764.00. Mr. Fleming said why didn't we say how much each shirt cost, cause we don't have to, it's not our burden. Our burden is to prove the value of the shirts, $764.00. Both deputies, I calculated it, I wrote it out, I put it in my report, uncontradicted evidence beyond any doubt whatsoever those shirts were worth over $500.00.

(Emphasis added).
Defense counsel immediately objected by arguing the prosecutor's remarks were a misstatement of the law since the burden is on the state and not the defendant. At the conclusion of the prosecutor's rebuttal closing argument, defense counsel moved for a mistrial on several grounds including the state's remarks commented on the defendant's failure to testify. The trial court denied the motion for a mistrial. Defendants now challenge that denial asserting that the prosecutor's references to uncontradicted evidence constitute indirect comments on defendants' failure to testify in violation of LSA-C.Cr.P. art. 770(3).
A mistrial shall be declared when the prosecutor refers directly or indirectly to the defendant's failure to testify in his own defense. LSA-C.Cr.P. art. 770(3). The prohibition against such prosecutorial comment safeguards defendant's Fifth Amendment right against self-incrimination. When the prosecutor makes a direct reference to the defendant's failure to take the stand, a mistrial should be declared regardless of whether the prosecutor intended for the jury to draw unfavorable inferences from defendant's silence. However, when the prosecutor makes an indirect reference to the defendant's failure to testify, the court must inquire into the remark's "intended effect upon the jury in order to distinguish indirect references to the defendant's failure to testify (which are impermissible) from general statements that the prosecution's case is unrebutted (which are permissible)." State v. Johnson, 541 So.2d 818, 822 (La.1989). In order to support the granting of a mistrial, the inference must be plain that the remark was intended to focus the jury's attention on the defendant's failure to testify. State v. Mitchell, 00-1399 (La.2/21/01), 779 So.2d 698, 701.
Indirect references which are intended to focus on a defendant's failure to testify are those cases where the defendant is the only witness who can rebut the state's evidence. Indirect references which are not intended to focus on a defendant's failure to testify are those cases where the prosecutor emphasizes that the state's evidence is unrebutted in a situation where there are witnesses other than the defendant who could testify on behalf of the defense but have not. State v. Mitchell, supra.
In the present case, the prosecutor's remark responded to a comment made by defense counsel in his closing argument about the individual value of the shirts. While it is questionable whether defendants could have testified regarding the value of each shirt they stole, there were certainly other witnesses who could have so testified. The prosecutor was merely emphasizing the strength of his case by stating the uncontradicted evidence showed the shirts were valued at $764.00. Such a remark is permissible as it does not appear the remark was intended to focus the jury's attention on the defendants' failure to testify. Accordingly, we find no merit to this assigned error.

*765 EXCESSIVENESS OF SENTENCE

In this assignment, defendants argue that their enhanced twenty year sentences are constitutionally excessive based on the fact their underlying conviction and all their prior convictions are non-violent. They maintain the act of stealing clothes does not warrant a twenty year sentence.
It is first noted that while defendant Trim filed a motion to reconsider sentence, defendant Mims did not. However, the failure to file such a motion does not preclude a review of his sentence for constitutional excessiveness. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, writ denied, 99-3217 (La.4/20/00), 760 So.2d 342.
Defendants, both age 38 at the time, were each sentenced to twenty years as fourth felony offenders. Defendant Trim's three predicate convictions were a felon in possession of a firearm and two offenses of theft between $100 and $500. Defendant Mims' three predicate convictions were possession of a firearm with an obliterated serial number and two offenses of possession of cocaine. As fourth felony offenders with no prior violent offenses, drug offenses punishable by more than five years, or any offense punishable by more than twelve years, defendants faced an enhanced sentence between twenty years and life imprisonment. LSA-R.S. 15:529.1(A)(1)(c)(i). Thus, defendants received the minimum enhanced sentence.
Both the United Sates and the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. If the trial judge finds that an enhanced punishment mandated by the Habitual Offender Law, LSA-R.S. 15:529.1, makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the court has the option and duty to reduce such sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993).
It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the particular case before it that would rebut this presumption of constitutionality. In order to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, that is, because of unusual circumstances he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Lindsey, 99-3256 c/w 99-3302 (La.10/17/00), 770 So.2d 339, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001); State v. Johnson, supra.
There must be substantial evidence to rebut the presumption of constitutionality. The "trial court may not depart from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant." State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 927, writ *766 denied, 98-0792 (La.9/16/98), 721 So.2d 477. Additionally, a defendant's record of non-violent offenses cannot be the sole reason, or even the major reason, for declaring a mandatory minimum sentence excessive. The Louisiana Supreme Court has strongly emphasized that downward departures from a mandatory minimum sentence should only occur in rare situations. State v. Lindsey, supra; State v. Johnson, supra.
In the present case, defendants made no showing of exceptional circumstances to justify a downward departure from the mandatory minimum sentence of twenty years. In fact, no evidence was presented at the time of sentencing and no argument was made regarding a downward departure from the required minimum sentence. As explained by State v. Lindsey, supra, the mere fact none of defendants' crimes were crimes of violence has already been taken into account by the Habitual Offender Laws. Accordingly, we reject defendants' claim of excessiveness and find no error in the sentences imposed by the trial judge.

INEFFECTIVE ASSISTANCE OF COUNSEL
On appeal, defendant Mims also asserts that his trial counsel was ineffective in failing to file a motion to reconsider sentence. Since this court has, in fact, reviewed defendant's claim of constitutional excessiveness of sentence, we cannot say that defendant was prejudiced by counsel's failure to file a motion to reconsider sentence. Accordingly, Mims' claim of ineffective assistance of counsel is without merit.

MULTIPLE OFFENDER ADJUDICATION
In this assigned error, defendant Mims challenges his adjudication as a fourth felony offender on the basis the state failed to prove a conviction in one of the three predicate offenses, particularly case number 398-690 from Orleans Parish. Mims argues the state erroneously relied on a conviction that was vacated by the Louisiana Fourth Circuit. Although defendant admits that he was ultimately convicted of the same offense after the matter was remanded by the Fourth Circuit, he contends the state failed to adequately prove that he was convicted on remand because "there was no minute entry, no Boykin, no documentation of any sort to prove that Mr. Mims was, in fact convicted on remand."
To prove a defendant is a habitual offender, the state must initially prove the prior felony conviction and that defendant is the same person who was convicted of the prior felony. This can be established by expert testimony matching fingerprints of the accused with those in the record of the prior proceeding. In addition, the state must show that the predicate convictions fall within the ten year cleansing period prescribed by LSA-R.S. 15:529.1(C). State v. Bailey, 97-302 (La.App. 5 Cir. 4/28/98), 713 So.2d 588, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971.
When the state relies on a prior conviction that is based on a guilty plea to prove defendant's multiple offender status and the defendant denies the allegations of the multiple bill of information, the state has the burden of proving the existence of the prior guilty plea and that defendant was represented by counsel. Once the state meets this burden, the defendant must produce some affirmative evidence of an infringement of his rights or of a procedural irregularity. If the defendant meets this burden, the burden shifts back to the state to prove the constitutionality *767 of the plea, i.e., that it was knowing and voluntary. The state can meet this burden by producing a "perfect" transcript of the guilty plea colloquy. A "perfect" transcript is one that reflects a voluntary, informed, and articulated waiver of the three specific rights discussed in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969): 1) the right to trial by jury, 2) defendant's privilege against self incrimination, and 3) his right to confront his accusers. Anything less than a "perfect" transcript, such as a guilty plea form, a minute entry, or imperfect transcript, requires the trial judge to weigh the evidence submitted by both sides and determine whether defendant's prior plea was knowing and voluntary and made with a waiver of the Boykin rights. State v. Shelton, 621 So.2d 769 (La.1993).
The state alleged Mims was a fourth felony offender based on three prior convictions: an October 22, 1999 conviction for possession of cocaine, an October 10, 1996 conviction for possession of cocaine, and a January 11, 1988 conviction for possession of a firearm with an obliterated serial number. In all cases, defendant pled guilty. Defendant filed a response to the multiple bill pursuant to LSA-R.S. 15:529.1(D)(1)(b) challenging the validity of the predicate convictions on various grounds. On appeal, defendant only challenges the validity of the 1999 predicate conviction.
In connection with the 1999 predicate guilty plea, the state introduced a certified copy of the record in Orleans Parish Criminal District Court case number 398-690 which included the bill of information charging defendant with possession of cocaine, the docket master which shows a summary of the minute entries in the case, the arrest register, the screening action form, two waiver of rights/plea of guilty forms (one dated June 22, 1998 and the other dated October 20, 1999) and a minute entry from June 22, 1998. These documents show defendant initially pled guilty to the charge of possession of cocaine on June 22, 1998 under State v. Crosby, 338 So.2d 584 (La.1976). There-after, on September 22, 1999, the Fourth Circuit vacated and set aside defendant's conviction and remanded the matter for further proceedings. See State v. Mims, 98-2572 (La.App. 4 Cir. 9/22/99), 752 So.2d 192. An entry on the docket master dated October 20, 1999 shows that upon remand, defendant once again pled guilty. The record, through the docket master and the waiver of rights/plea of guilty form dated October 20, 1999, also shows that defendant was represented by counsel at the time he entered the October 20, 1999 guilty plea.
At the multiple bill hearing, defense counsel argued that the docket master was insufficient to show a conviction. He appeared to maintain that a conviction could not be proven absent a minute entry. On appeal, appellant counsel erroneously states there is nothing in the 398-690 record to show a subsequent guilty plea after remand. As noted above, the docket master and a waiver of rights/plea of guilty form signed by defendant, defense counsel and the judge both show defendant pled guilty and was represented by counsel. The docket master was certified by the Orleans Parish Criminal District Court as a true copy of its record.
The Louisiana Supreme Court has stated that LSA-R.S. 15:529.1 does not require the state to use a specific type of evidence to carry its burden at a habitual offender hearing and that prior convictions may be proved by any competent evidence. State v. Lindsey, (La.10/17/00), 770 So.2d 339, 344, n. 3, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001). The Fourth Circuit has held "a docket *768 master showing that the defendant was attended by counsel at the time his plea was entered, along with a properly executed waiver of rights/guilty plea form is... sufficient to carry the State's burden of proof under La.R.S. 15:529.1." State v. Weaver, 99-2177 (La.App. 4 Cir. 12/6/00), 775 So.2d 613, 621; State v. Lacy, 99-2225 (La.App. 4 Cir. 2/21/01), 782 So.2d 47, 51.
Based on the foregoing discussion, we find that the evidence introduced by the state, including the certified docket master and the waiver of rights form, was sufficient to prove defendant's predicate conviction in case number 398-690. Accordingly, this assigned error is without merit.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals no errors which require corrective action by this court.
For the reasons set forth herein, we hereby affirm the defendants' convictions and sentences.
AFFIRMED.