471 So.2d 310 (1985)
STATE of Louisiana
v.
Jerry L. DAVIS.
No. KA-2399.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon and E. Sue Bernie, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GULOTTA, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant Jerry L. Davis was found guilty of first degree murder in violation of La.R.S. 14:30 and sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.
On May 6, 1983, Dr. and Mrs. John K. Broussard were spending a night in a trailer park on Chef Menteur Highway. Mrs. Broussard was inside the trailer while her husband was outside hooking the trailer up to the utilities. She heard him tell someone not to go into the trailer, and then Philip Ware, defendant's accomplice, entered the trailer. Ware took Mrs. Broussard's wallet and purse from the table in the trailer and began backing out of the door. Before Ware had left, both he and Mrs. Broussard heard a gunshot. Ware testified that he saw defendant running away from the trailer. Ware followed him and eventually caught up with him. They divided approximately $60.00 that had been taken from Mrs. Broussard. When Ware asked defendant why he had shot the victim, Ware testified that defendant simply smiled. He also testified that he had not known that defendant had a gun and was going to shoot Dr. Broussard.
When Mrs. Broussard reached her husband, he was lying on the ground and had been shot in the chest. She said that he told her that "they" had tried to get his money; his wallet was halfway pulled from his pocket. Mrs. Broussard, a nurse, tried to bandage her husband. He was transported to a hospital where he died.
Defendant was indicted for the first degree murder of Dr. Broussard and found guilty as charged by a twelve person jury. He was sentenced to life imprisonment without benefit of parole, probation, or suspension *311 of sentence. It is from this conviction defendant now appeals, assigning one error as a basis for reversal.
Defendant contends that the trial court was in error in refusing to grant a mandatory mistrial pursuant to Article 770 of the Louisiana Code of Criminal Procedure in response to an alleged reference to defendant's failure to testify.
Article 770 provides in part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(3) The failure of the defendant to testify in his own defense....
Although both direct and indirect references to a defendant's failure to testify are prohibited by Article 770, an indirect reference is only reversible when the prosecutor intended to emphasize the defendant's failure to take the stand in his own defense. State v. Jackson, 454 So.2d 116, 118 (La.1984).
The remark to which the defense objected was:
"I want you to look at the independent consistencies and corroboration. That's what we've got here of these three stories because all of these stories say the same thing. They were all told by different people, at different times, and they were told by people with different interests. That's all critical towards determining the truth here because you don't have but one persontwo people, who can tell you what happened outside of that trailer. One of them is dead. The other sits right here before you."
(Tr. at 110).
In State v. Smith, 327 So.2d 355 (La. 1976) (on rehearing), defendant complained of the following statement:
"Who knows what went on in this room besides the man who's seated right here and the two dead boys ... One man does and that's the man who walked out of there with that gun."
Id. at 362. The Louisiana Supreme Court, after reviewing the statements held that:
"Very clearly, neither statement was a direct reference to defendant's failure to testify. Instead, the question here is whether the comment was an indirect reference to the failure of the defendant to testify in his own defense. In order to mandate a mistrial we have said that the inference must be plain that the remark was intended to bring to the jury's attention the failure of the defendant to testify. State v. Reed, 284 So.2d 574 (La. 1973); State v. Howard, 262 La. 270, 263 So.2d 32 (1972) (footnote omitted).
Ibid.
The court held that in light of the entire argument, it was clear that these remarks were not intended to call the jury's attention to the defendant's failure to testify. See also State v. Burkhalter, 428 So.2d 449, 454 (La.1983).
We have reviewed the record and find that the remarks were not aimed at emphasizing defendant's failure to testify. Rather, the assistant district attorney was simply reiterating the facts as presented at trial. A reasonable juror could not construe this remark as anything other than a recapitulation of the evidence.
Furthermore, as in State v. Jackson, supra, the evidence of defendant's guilt is so overwhelming, that even assuming such an inference were justified, the error was harmless. Id. at 118 citing United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983).
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.