554 So.2d 278 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Roland Adam RAMOIN, Defendant-Appellant.
No. CR89-300.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1989.
Edward Lopez, Opelousas, for defendant-appellant.
Morgan J. Goudeau, III, Dist. Atty., Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, YELVERTON, and KING, JJ.
KING, Judge.
The issues presented for review on this appeal are whether the trial court erred in denying defendant's motion for a mistrial and whether the verdict of the jury was contrary to the law and evidence.
On February 25, 1988, Roland Adam Ramoin (hereinafter defendant) was charged by bill of information with committing an aggravated battery upon Ellis Credeur (hereinafter the victim), a violation of La. R.S. 14:34. Defendant entered a plea of not guilty and was tried by a six person jury. On August 17, 1988, the jury returned a verdict of guilty of second degree battery, one of the responsive verdicts to the crime of aggravated battery. On January 6, 1989, after a sentencing hearing, the trial court sentenced defendant to serve a term of five years at hard labor without eligibility for probation or parole. Defendant appeals this conviction urging two assignments of error.
We reverse the conviction, set aside the sentence, and remand the matter to the trial court for a new trial.

FACTS
In the early morning hours of January 1, 1988, defendant and several members of his family were leaving The Cozy Lounge *279 in Opelousas, Louisiana, after celebrating the New Year. A fight broke out in the parking lot between defendant's son, Joe Ramoin, and several people that had been in the lounge. Other members of defendant's family became involved in the fight trying to assist Joe. Defendant was standing in the parking lot next to his pickup truck. Defendant took a gun from his truck, fired it into the crowd, and struck the victim in the shoulder.
Defendant and the witnesses called on his behalf claim that the victim was involved in the fight and that the victim approached defendant in a menacing manner and verbally threatened him. Defendant testified that he secured his gun, warned the victim not to come any closer, fired a warning shot into the air, and then fired a second shot which struck the victim in the shoulder. Defendant, who is an elderly man, contends that he reacted out of fear for his own safety and that of his family.
The victim and other state witnesses claim that the victim was an innocent bystander who walked outside the lounge to see what was going on and was in no way involved in the fight. The victim denies making threatening comments or actions or advancing toward the defendant.
Following the shooting, defendant and his family left the scene in his pickup truck. The victim was taken to Opelousas General Hospital and contacted the police later that morning. He gave the investigating officer a description of defendant, his pickup truck, and a description of the people who were with him. The owner of the lounge told the investigating officer that Joe Ramoin of Acadia Parish was the name of one of the people with defendant at the lounge. The investigating officer and a deputy from the Acadia Parish Sheriff's office went to the Ramoins' house where they found a .32 caliber revolver with four live cartridges and two spent rounds. They seized this gun in connection with the shooting and defendant was subsequently arrested for the crime.
Defendant was tried for the crime of aggravated battery. The jury returned a verdict of guilty of second degree battery, a responsive verdict to the crime of aggravated battery.
Defendant appeals his conviction and sentence alleging the following assignments of error:
(1) The trial court erred in its failure to order a mistrial after a prejudicial and inflammatory statement was made in the presence and hearing of the jury by the District Attorney, referring to the defendant as a "murderer",
(2) The verdict of the jury was contrary to the law and the evidence in that there was not sufficient evidence, when viewed in the light most favorable to the prosecution, for the jury to find defendant guilty beyond a reasonable doubt.

MOTION FOR MISTRIAL
At trial, defendant took the stand to testify on his own behalf. On direct examination, the record reveals that defense counsel brought up an incident, that had occurred some twenty years earlier, where defendant had been involved in a shooting. The questions of defense counsel and defendant's answers regarding this incident are as follows:
"Q. Mr. Ramoin, years ago, you had an incident where there was a shooting incident; wasn't there?
A. Yes sir.
Q. How long ago was that?
A. About twenty years ago. Maybe more. I don't remember exactly.
Q. You entered a plea of guilty; didn't you?
A. Yes, I plead guilty.
Q. What was the charge? Do you remember?
A. No, I don't remember what the charge was. I don't remember what it was.
Q. It was something to do with a shooting, though; wasn't it?
A. That's right."
On cross-examination, the District Attorney began by asking the defendant more questions about the incident. These questions *280 of the District Attorney and defendant's answers are as follows:
"Q. You were convicted of attempted murder, wasn't it?
A. Huh?
Q. Attempted murder. Isn't that what you pled guilty to?
A. Attempted murder?
Q. Back twenty years ago.
A. Oh, I don't remember what it was.
Q. You don't remember?
A. No, I don't remember what it was.
Q. You'd think that would be something you'd remember.
A. I don't remember the chargewhat it was.
Q. You don't dispute that it was attempted murder, do you?
A. I don't know.
Q. I know.
A. Okay."
During further cross-examination, the defendant, who is partially deaf, was having difficulty hearing and answering the District Attorney's questions. Counsel for defendant objected to the questioning and asked the court to allow the defendant to answer one question before the District Attorney proceeded to ask the next question. The following exchange of remarks between Mr. Lopez, the defense counsel, and Mr. Miller, the District Attorney, then took place in the presence and hearing of the jury:
"MR. LOPEZ: Then we would ask, Your Honor, that the District Attorney ask the question and allow a man who's obviously very hard of hearing to answer the questions before he gets involved in another question.
THE COURT: That's correct.
MR. LOPEZ: I mean, I could beat up on a cripple any day.
MR. MILLER: How about a murderer?"
Following this remark by the District Attorney, defense counsel asked that the jury be removed from the courtroom and then moved for a mistrial because of the District Attorney's remark in the presence and hearing of the jury. The trial court denied defendant's motion for mistrial and then had the jury returned to the courtroom and instructed the jury to disregard the District Attorney's remark.
Defendant argues that any reference by the District Attorney to defendant as a murderer in the presence and hearing of the jury is grounds for a mandatory mistrial under La.C.Cr.P. Art. 770 which states:
"Art. 770. Prejudicial remarks; basis of mistrial
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
La.C.Cr.P. Art. 770 requires that the trial court "shall" declare a mistrial when the District Attorney "refers directly or indirectly to ... another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible ...". The denial of a mistrial upon the motion of a defendant, when the motion is properly based on one of the grounds listed in La.C.Cr.P. Art. 770, is per se a substantial violation of a statutory right. State v. Nuccio, 454 So.2d 93 (La. 1984).
The defendant's motion for mistrial was based on the District Attorney's statement directly referring to defendant as a murderer in the presence and hearing of the jury. The comment referred directly to *281 a crime alleged to have been committed by the defendant. Even indirect reference by the District Attorney to an unrelated crime alleged to have been committed by the accused is regarded as so prejudicial to an accused as to mandate a mistrial. State v. Tallie, 337 So.2d 504 (La.1976).
The comment of the District Attorney directly referring to defendant as a murderer comes within the scope of La.C. Cr.P. Art. 770(2), and will constitute reversible error if evidence of this alleged crime was not admissible at trial.
The District Attorney could properly question the defendant concerning his plea to a charge of attempted murder since the defendant alluded to this crime on direct examination or for the purpose of presenting evidence of defendant's credibility. However, defendant has never been tried, convicted or pled guilty to the crime of murder. Consequently, any evidence of or any reference by the District Attorney to the crime of murder by the defendant in the presence and hearing of the jury was inadmissible at trial.
The Louisiana Supreme Court has determined that La.C.Cr.P. Art. 770 is mandatory and, when such an improper reference is made, the trial judge does not have discretion to deny the motion based on a perception that the error may prove to be harmless. Nor is the trial judge allowed to attempt to minimize the effect of the error by simply admonishing the jury to disregard the prosecutor's remarks. State v. Johnson, 541 So.2d 818 (La.1989). For this reason, we find that the District Attorney's remark about defendant in the presence and hearing of the jury was not cured by the trial court's admonition to the jury.
In view of our finding merit to this assignment of error by defendant, we will not address defendant's other assignment of error.
For these reasons, we find that the trial court committed error in denying defendant's motion for a mistrial. We reverse the conviction, set aside the sentence, and remand the matter to the trial court for a new trial.
REVERSED; CONVICTION SET ASIDE; REMANDED FOR NEW TRIAL.
DOMENGEAUX, J., dissents and assigns reasons.
DOMENGEAUX, Judge, dissenting.
The majority considers the prosecutor's remark to be a direct reference to another crime alleged to have been committed by the defendant. I cannot agree with this interpretation.
The comment was made in an aside conversation between the prosecutor and the defense attorney. It does not directly, or even indirectly, infer that this defendant committed the crime of murder. Although the remark may have been immaterial, and conceivably could have resulted in some prejudice, it does not fall within the mandatory grounds for a mistrial under art. 770. Instead, this case should be governed by art. 771, which permits a mistrial only when the trial judge is satisfied that an admonition is insufficient to assure the defendant a fair trial. See State v. Hardeman, 467 So.2d 1163 (La.App. 2nd Cir. 1985). I do not find this remark prevented a fair trial, or significantly contributed to the conviction. I would, therefore, conclude this assignment of error has no merit.
I would then consider the remaining assignment of error, which concerns the sufficiency of evidence to support the conviction. From a review of the record, it is clear the State presented ample evidence to support the jury's verdict. The defendant's conviction should be affirmed.
I respectfully dissent.