612 So.2d 266 (1992)
STATE of Louisiana
v.
Lionel CLAY.
No. 92-KA-1061.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1992.
*267 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Harry F. Connick, Dist. Atty. for Orleans Parish, Lisa A. McLachlan, Asst. Dist. Atty. for Orleans Parish, New Orleans, for plaintiff/appellee.
Before CIACCIO, ARMSTRONG and WALTZER, JJ.
WALTZER, Judge.
This appeal concerns the trial court's denial of defendant's motion for a mistrial, which was made in response to the State's comments during its closing argument. This Court must determine whether the State, during its summation, impermissibly referred to the defendant's decision not to testify.
On March 20, 1991, the defendant was charged with possession of cocaine. He entered a plea of not guilty and opted for trial. On June 25, 1991, a six member jury found him guilty as charged. He was sentenced to seven years at hard labor.
At trial, Officer Eric Hessler testified that on January 28, 1991, at 7:40 p.m. he and his partner, Stephen Imbraguglio, proceeded to 3312 Erato Street in response to a phone call from a confidential informant that cocaine was being sold in the hallway of the building. He stated that they saw the defendant ride into the hallway on his bike, stay a few minutes, ride away, and then return about eight minutes later. The officers walked into the hallway. They heard a door close. They walked upstairs, shone their flashlight, and the defendant dropped four small packages containing white substance from his hand. The defendant was the only person in the hallway. The officers arrested him, and a search pursuant to the arrest revealed $70.00 in his pants pocket. Officer Imbraguglio testified, confirming the story of his partner.
*268 The parties stipulated that the white substance was cocaine.
The defense argues on appeal that a mistrial should have been granted when Gary Wainwright, trial counsel for the defendant, objected to the State's remark during closing argument:
"The testimony of these officers was uncontroverted. They took the stand, they both testified to the exact same thing, six feet away. Mr. Wainright has presented no evidence whatsoever. The only evidence that comes in the trial is what ..." (Tr.p. 38)
The defendant argues on appeal that these remarks were an impermissible reference to his failure to take the stand.
The first issue is whether the defendant's motion for a mistrial was adequately preserved for our review on appeal. The state argues that because the defendant did not state the reason for his objection or specifically move for mistrial, he cannot raise this issue on appeal. At trial, defense counsel simply objected to the State's comments during summation. The trial court noted the objection for the record. This court has ruled on point, regarding a failure to move for mistrial pursuant to La. C.Cr.P. art. 770 after an improper remark by a prosecutor:
A failure to move for a mistrial is a waiver of the error, since this article requires a motion by defendant. Official Revision Comment (b). When a defendant objects to improper remarks and the objection is overruled, the defendant is not required to move for an admonition or a mistrial to preserve his rights on appeal. State v. Baylis, 388 So.2d 713 (La.1980); State v. Hamilton, 356 So.2d 1360 (La.1978). When a defendant's objection is sustained, however, and the court is presumably willing to give him whatever relief to which he is entitled, there is no reason defendant should not be required to request an admonition or mistrial, if he wants one. State v. Baylis, above. Defendant cannot on appeal complain of the alleged error unless at trial he requested and was denied an admonition to disregard or a mistrial. State v. Michel, 422 So.2d 1115 (La.1982); State v. Miles, 402 So.2d 644 (La.1981).
State v. Grant, 531 So.2d 1121, 1123 (La.App. 4th Cir.1988), writ den., 567 So.2d 1117 (La.1990).
In this case, the objection was made immediately and contemporaneously with the State's comments referring to the lack of evidence presented by the defendant. The trial court noted the objection for the record, thereby overruling it. A further motion for mistrial at that point would have been a "vain and useless act." See State v. Lee, 346 So.2d 682, 685 (La.1977) and cases cited therein. See also State v. Robinson, 563 So.2d 477, 484 (La.App. 1st Cir.1990). We find that the defense properly brought to the attention of the trial court its objection, which was overruled, and that the issue thus was adequately preserved for appeal.
Addressing the merits of the argument, La.C.Cr.P. article 770 is clear that,
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to: ... (3) the failure of the defendant to testify in his own defense. La.C.Cr.P. art. 770(3).
Furthermore, an admonition to the jury is not sufficient to prevent a mistrial. Once a determination has been made that a La. C.Cr.P. art. 770 violation occurred, the trial court must declare a mistrial.[1] When the *269 prosecutor makes a direct reference to the defendant's failure to take the stand, a mistrial shall be declared and "it is irrelevant whether the prosecutor intended for the jury to draw unfavorable inferences from defendant's silence." State v. Fullilove, 389 So.2d 1282, 1284 (La.1980). However, the State's comments in this case did not directly refer to the fact that the defendant failed to testify. In order for an indirect reference to mandate a mistrial, the State must have intended to draw the jury's attention to the defendant's failure to testify. State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Davis, 471 So.2d 310 (La.App. 4th Cir.1985).
Our Louisiana Supreme Court has held with regard to such indirect comments that a reviewing court must "inquire into the remark's `intended effect on the jury' in order to distinguish indirect references to the defendant's failure to testify (which are impermissible) from general statements that the prosecution's case is unrebutted (which are permissible)." State v. Johnson, 541 So.2d 818, 822 (La.1989).
The Supreme Court in Johnson went on to state:
In cases where the prosecutor simply emphasized that the state's evidence was unrebutted, and there were witnesses other than the defendant who could have testified on behalf of the defense but did not do so, we have held that the prosecutor's argument did not constitute an indirect reference to the defendant's failure to take the stand. [cites omitted]
On the other hand, where the defendant is the only witness who could have rebutted the state's evidence, "a reference to the testimony as uncontroverted focuses the jury's attention on the defendant's failure to testify" and mandates a mistrial. State v. Perkins, 374 So.2d 1234, 1237 (La.1979). See also State v. Fullilove, 389 So.2d 1282 (La.1980); State v. Harvill, 403 So.2d 706 (La.1981).
State v. Johnson, 541 So.2d at 822-823.
Since Johnson, several other circuits have found that the prosecution's comments during closing argument that the State's evidence was unrefuted by the defense did not constitute a La.C.Cr.P. art. 770(3) violation. In State v. Robinson, the First Circuit affirmed an aggravated battery conviction and the trial court's denial of a new trial stating, "although the victim and defendant were the only two people present when defendant allegedly stabbed the victim, there were other witnesses to the events occurring immediately prior to and after the incident in question. The defendant is not the only person who could have taken the stand and contradicted the victim's version of the events." State v. Robinson, 563 So.2d 477, 485 (La.App. 1st Cir.1990).[2] Similarly, the Fifth Circuit upheld *270 a conviction and denied a mistrial due to the fact that the defense suggested several factual scenarios indicating the defendant's innocence, of which some could have been supported by testimony other than defendant's. State v. Slay, 573 So.2d 1185 (La.App. 5th Cir.1991). The Court in that case concluded that "the prosecutor's remark characterizing the state's evidence as uncontradicted intended to draw the jury's attention to the defense's failure to produce any witnesses or evidence establishing factual support for these alleged scenarios." Id. at 1188. Additionally, the Third Circuit has held that where the record did not reflect that defendant was the only one who could refute the State's evidence, the prosecutor's comments about the evidence being uncontradicted did not constitute an impermissible reference to the defendant's failure to testify. State v. Sergon, 539 So.2d 1275 (La.App. 3rd 1989).
We interpret these cases to mean that where the defendant does not testify, or calls any witnesses, yet introduces a factual scenario to the court which could be supported by testimony other than the defendant's, a prosecutor's remark that the State's evidence is uncontroverted may not be a reference to the defendant's failure to testify. Of course, the real test is whether the State's comments had the intended effect of drawing the jury's attention to the absence of defendant's testimony.
In the present case, the defendant was the only one in the hallway other than the arresting officers. Defense counsel, through cross-examination of the two officers and through his closing argument, submitted to the jury that the defendant was framed; that the defendant was seen in the hallway, that he was then detained, and that the bags of cocaine were found elsewhere in the building. The defense called no witnesses. Nor did the defense introduce any evidence. The defendant's case rested entirely on defense attorney's cross-examination of the police officers and closing arguments.
We believe that under these circumstances the prosecutor's remarks during summation did not have the intended effect of directing the jury's attention to the defendant's failure to testify. The prosecutor, especially in a case where the defense calls no witnesses nor puts on any evidence, may comment on the fact that the prosecution's case is unrebutted. State v. Johnson, 541 So.2d at 822. The prosecutor's comments in this case amount to nothing more than a general description of the strength of the State's case, and therefore, are permissible under La.C.Cr.P. art. 770(3).
For these reasons, the conviction and sentence of the trial court are affirmed.
AFFIRMED.
NOTES
[1] Our research indicates that Louisiana appellate courts are split on the issue of whether an impermissible statement described in La.C.Cr.P. art. 770 mandates a mistrial or allows for the application of harmless error. In State v. Jackson, 454 So.2d 116 (La.1984), the Supreme Court, even though they found no impermissible statement under C.Cr.P. art. 770, indicated that had such an impermissible statement existed, it would have been harmless error. Id. at 118. Five years later, the Supreme Court strongly criticized the application of harmless error to such impermissible remarks. State v. Johnson, 541 So.2d 818 (La.1989). The Supreme Court in that case went so far to say that "Art. 770(3) mandates a mistrial, at that point in the trial when the motion is urged, in any case in which the prosecutor makes a direct or indirect reference to the defendant's failure to testify." Id. at 823. However, in the next paragraph of that opinion, the Supreme Court applied the harmless error test, holding that even if harmless error applied, the improper reference by the State was not harmless. Id. at 823.

Since Johnson, the Third and Fifth Circuits have read Johnson and C.Cr.P. art. 770 to require a mistrial once a court determines that an improper statement has been made in the hearing of the jury. State v. Slay, 573 So.2d 1185 (La.App. 5th Cir.1991); State v. Ramoin, 554 So.2d 278 (La.App. 3rd Cir.1989). However, the First Circuit, noting that Johnson did not expressly do away with the application of harmless error, held that impermissible statements under C.Cr.P. art. 770 could be subjected to harmless error analysis. State v. Moser, 588 So.2d 1243 (La.App. 1st Cir.1991), writ den., 594 So.2d 1314 (La.1992). This Court follows the Third and Fifth Circuits in reading La.C.Cr.P. 770 to mandate a mistrial, upon a motion by the defendant, once a court determines that an impermissible statement existed within the hearing of the jury. We note that the Supreme Court, without actually ruling on the issue of harmless error, recently stated that "a trial court `shall' declare a mistrial when the prosecutor `refers directly or indirectly to ... (t)he failure of the defendant to testify in his own defense ...' State v. Sullivan, 596 So.2d 177, 187 (La.1992).
[2] In another case, the First Circuit held similar remarks by the prosecution did not mandate a mistrial in State v. Moser, 588 So.2d 1243 (La. App. 1st Cir.1991); writ den., 594 So.2d 1314 (La.1992). That case concerned a rape, in which one of the key issues was whether there was penial penetration. The prosecutor commented during closing that the victim's testimony regarding penial penetration was uncontroverted. While the First Circuit determined that the defendant was the only person who could contradict the victim's testimony, and that the prosecutor's remark thus drew attention to defendant's failure to testify, the First Circuit held that the remark was harmless error. Id. at 1249.