h ARMSTRONG, Judge.
The defendant, Kevin Brown, was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967. The defendant pled not guilty. A six-member jury subsequently found him guilty as charged. The trial court sentenced the defendant to serve thirty months at hard labor. FACTS:
On April 5, 1995, at approximately 7:25 p.m., Officers Kevin Stamp, Norbert Carroll, Shelita Butler, Tommy Mercadel, and Wellington Beaulieu were working a plain clothes foot patrol in the Desire Housing Project. The officers had received numerous complaints that narcotics were being sold in the hallways in the 2800 block of Desire. When the officers arrived, Officer Stamp saw the defendant kneeling on a step. The officers could not identify what the defendant was doing, but when he saw the officers, he ran up five or six steps and tried to gain entry into a second floor apartment. He was then detained and subsequently arrested after the officers found on the step where he was kneeling four pieces of crack cocaine, a razor blade and a green clear plastic bag.
| ERRORS PATENT:
A review of the record for errors patent reveals none.

ASSIGNMENTS OF ERROR:

By the defendant’s assignments of error, he contends that the trial court erred in denying two motions for mistrial made by defense counsel during the State’s closing arguments. The first motion for mistrial was made when the prosecutor stated during closing argument that the jury, “didn’t hear anything from this individual [the defendant] as to — you heard only from the defense attorney suggesting that there may have been a girlfriend involved.”
The law on this issue was summarized by this Court in State v. Clay, 612 So.2d 266, 268-269 (La.App. 4th Cir.1992):
La.C.Cr.P. article 770 is clear that,
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to: ... (3) the failure of the defendant to testify in his own defense. La.C.Cr.P. art. 770(3).
Furthermore, an admonition to the jury is not sufficient to prevent a mistrial. Once a determination has been made that a La. C.Cr.P. art. 770 violation occurred, the trial court must declare a mistrial.[1] When *737 |3the prosecutor makes a direct reference to the defendant’s failure to take the stand, a mistrial shall be declared and “it is irrelevant whether the prosecutor intended for the jury to draw unfavorable inferences from defendant’s silence.” State v. Fullilove, 389 So.2d 1282, 1284 (La.1980). However, the State’s comments in this case did not directly refer to the fact that the defendant failed to testify. In order for an indirect reference to mandate a mistrial, the State must have intended to draw the jury’s attention to the defendant’s failure to testify. State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Davis, 471 So.2d 310 (La.App. 4th Cir.1985).
Our Louisiana Supreme Court has held with regard to such indirect comments that a reviewing court must “inquire into the remark’s ‘intended effect on the jury in order to distinguish indirect references to the defendant’s failure to testify (which are impermissible) from general statements that the prosecution’s case is unrebutted (which are permissible).” State v. Johnson, 541 So.2d 818, 822 (La.1989).
The Supreme Court in Johnson went on to state:
In cases where the prosecutor simply emphasized that the state’s evidence was unrebutted, and there were witnesses other than the defendant who could have testified on behalf of the defense but did not do so, we have held that the prosecutor’s argument did not constitute an indirect reference to the defendant’s failure to take the stand, [cites omitted]
On the other hand, where the defendant is the only witness who could have rebutted the state’s evidence, “a reference to the testimony as uncontroverted focuses the jury’s attention on the defendant’s failure to testify” and mandates a mistrial. State v. Perkins, 374 So.2d 1234, 1237 (La.1979). See also State v. Fullilove, 389 So.2d 1282 (La.1980); State v. Harvill, 403 So.2d 706 (La.1981).
State v. Johnson, 541 So.2d at 822-823.
LSince Johnson, several other circuits have found that the prosecution’s comments during closing argument that the State’s evidence was unrefuted by the defense did not constitute a La.C.Cr.P. art. 770(3) violation. In State v. Robinson, the First Circuit affirmed an aggravated battery conviction and the trial court’s denial of a new trial stating, “although the victim and defendant were the only two people present when defendant allegedly stabbed the victim, there were other witnesses to the events occurring immediately prior to and after the incident in question. The defendant is not the only person who could have taken the stand and contradicted the victim’s version of the events.” State v. Robinson, 563 So.2d 477, 485 (La.App. 1st Cir.1990), writ denied, 567 So.2d 1122 (La. 1990).[2] Similarly, the Fifth Circuit upheld a conviction and denied a mistrial due to the fact that the defense suggested several factual scenarios indicating the defendant’s innocence, of which some could have been supported by testimony other than defen *738 dant’s. State v. Slay, 573 So.2d 1185 (La. App. 5th Cir.1991)[writ denied, 92-3240 (La.4/7/94), 635 So.2d 1130], The Court in that case concluded that “the prosecutor’s remark characterizing the state’s evidence as uncontradieted intended to draw the jury’s attention to the defense’s failure to produce any witnesses or evidence establishing factual support for these alleged scenarios.” Id. at 1188. Additionally, the Third Circuit has held that where the record did not reflect that defendant was the only one who could refute the State’s evidence, the prosecutor’s comments about the evidence being uncontradicted did not constitute an impermissible reference to the defendant’s failure to testify. State v. Sergon, 539 So.2d 1275 (La.App. 3rd 1989).
We interpret these cases to mean that where the defendant does not testify, or calls any witnesses, yet introduces a factual scenario to the court which could be supported by testimony other than the defendant’s, a prosecutor’s remark that the State’s evidence is uncontroverted may not be a reference to the defendant’s failure to testify. Of course, the real test is whether the State’s comments had the intended effect of drawing the jury’s attention to the absence of defendant’s testimony.
In Clay, the State commented during closing argument: “the testimony of these officers was uncontroverted, they took the stand, they both testified to the |5exact same thing six feet away. Mr. Wainwright has presented no evidence whatsoever. The only evidence that comes in this trial....” This court found that the prosecutor’s remarks did not have the intended effect of directing the jury’s attention to the defendant’s failure to testify. This court noted that the prosecutor, particularly in cases where the defense calls no witnesses or puts on any evidence, may comment on the fact the prosecution’s case is unrebutted.
In State v. Cureaux, 93-0838 (La.App. 4th Cir. 10/27/94), 645 So.2d 1215, writ denied, 94-2899 (La.3/24/95), 651 So.2d 287, the prosecution, attempting to define the term reasonable doubt during closing argument, stated: “The Defense could always get up and say, T didn’t do it.’ And then you would have that same predicament if you went with that theory.” This court found that the prosecutor’s statements did not intend to focus the jury’s attention on the defendant’s failure to testify but, rather, was arguing to the jury that they could not conclude that reasonable doubt existed based solely on a denial of guilt by a defendant. This court stated: “The prosecution did not refer to defendant Alton Cureaux, but referred to defendants in general ... The prosecutor referred to any trial and to any defendant whose trial strategy was to provide testimony to claim innocence. The prosecutor’s comments were not an impermissible reference to the defendant’s failure to testify in the present case.” Cureaux, 645 So.2d at 1219.
In State v. Bowman, 95-0667 (La.App. 4th Cir. 7/10/96), 677 So.2d 1094, writ denied, 96-2070 (La.1/31/97), 687 So.2d 400, this court apparently adopted a harmless error analysis, when there has been a violation of La. C.Cr.P. art. 770, either through a direct or indirect reference by the prosecutor to the defendant’s failure to testify in his own defense. There has been much confusion regarding whether a harmless error analysis was appropriate, when such an error occurred U(see Footnotes 1 & 2 in Clay, infra., and Footnote 20 in State v. Bourque, 622 So.2d 198 (La.1993)), where the Supreme Court stated: “It is unclear whether this issue would be subject to harmless error analysis.” This court in Bowman found that the prosecutor’s comments regarding the defendant’s right to remain silent was an indirect reference and the court found that it was “not thoroughly convinced that the jury was influenced by the remarks or that they contributed to the verdict. Any error was harmless.” Bowman, 677 So.2d at 1098 (Judge Waltzer dissenting on this issue).
In State v. Reed, 483 So.2d 1275 (La.App. 4th Cir.1986), the defendant argued that the prosecutor made a direct reference to his failure to testify at trial. The prosecutor stated: “Now the presumption of innocence, that the defendants do not have to take the stand, William Riley did not take the stand and that is the way the law is and there is a good reason why the law is....” This court found that the prosecutor’s statement was a *739 direct reference to the defendant’s failure to testify and that the trial court erred in failing to declare a mistrial in that case.
In the instant case, the prosecutor began to mention that the defendant did not provide any testimony regarding the defendant’s girlfriend. The prosecutor stopped in mid-sentence, and then commented that only the defense attorney mentioned that the defendant’s girlfriend may have been involved. We find this was an indirect reference rather than a direct reference to the defendant’s failure to take the stand to testify in his own defense. There is no indication that the prosecutor intended to draw the jury’s attention to the defendant’s failure to testify. In fact, the prosecutor stopped speaking in mid-sentence when he realized that he might be referring to the defendant’s failure to testify. Furthermore, considering the evidence of the defendant’s guilt in this matter, the jury would not have been ^influenced by the prosecutor’s comment and/or the comment would not have contributed to the verdict. Therefore, we find no merit to this argument.
The defendant also argues that the prosecutor improperly appealed to prejudice when he made the following statement during closing argument:
“The cops were doing their jobs. COPS is a good idea and I commend Officer Pennington, they’ve got the Mayor, they’ve got the officers doing a good job there. Since they have been there, the murder rate has gone down. They have made a lot of arrests. But the system doesn’t work if you, ladies and gentlemen, don’t believe— don’t use your common sense and apply the fact to the law and hold them responsible.”
The defendant interprets this argument to be improper and an appeal to the jury’s prejudice in violation of La.C.Cr.P. art. 774.
We find no merit to this argument for several reasons. First, defense counsel failed to move for a mistrial or request an admonition, so any argument regarding this issue is not preserved for appellate review. State v. Breaux, 598 So.2d 719 (La.App. 4th Cir.1992), writ denied, 609 So.2d 254 (La. 1992). Second, the prosecutor’s comments were not an appeal to prejudice but, rather, commended the police department for their work in lowering the crime rate and requested the jury to perform its responsibility of holding those people who had committed crimes responsible. Compare: State v. Duplessis, 457 So.2d 604 (La.1984). Furthermore, an appellate court will not reverse a conviction absent a sound belief that the alleged improper remarks contributed to the verdict, State v. Bowman. That is certainly not the situation in the present ease. It cannot be said that the jury was influenced by the allegedly improper remarks made by the prosecutor during closing argument or that those remarks appeal to the jury’s I «prejudices and contributed to the verdict. We find no merit to this assignment of error.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.

AFFIRMED.

. Our research indicates that Louisiana appellate courts are split on the issue of whether an impermissible statement described in La. C.Cr.P. art. 770 mandates a mistrial or allows for the application of harmless error. In State v. Jackson, 454 So.2d 116 (La.1984), the Supreme Court, even though they found no impermissible statement under C.Cr.P. art. 770, indicated that had such an impermissible statement existed, it would have been harmless error, id. at 118. Five years later, the Supreme Court strongly criticized the application of harmless error to such impermissible remarks. State v. Johnson, 541 So.2d 818 (La. 1989). The Supreme Court in that case went so far to say that "Art. 770(3) mandates a mistrial, at that point in the trial when the motion is urged, in any case in which the prosecutor makes a direct or indirect reference to the defendant's failure to testify." Id. at 823. However, in the next paragraph of that opinion, the Supreme Court applied the harmless error test, holding that even if harmless error applied, the improper reference by the State was not harmless. Id. at 823.
Since Johnson, the Third and Fifth Circuits have read Johnson and C.Cr.P. art. 770 to require a mistrial once a court determines that an improper statement has been made in the hearing of the jury. State v. Slay, 573 So.2d *737 1185 (La.App. 5th Cir.1991)[writ denied, 92-3240 (La.4/7/94), 635 So.2d 1130]; State v. Ramoin, 554 So.2d 278 (La.App. 3rd Cir.1989). However, the First Circuit, noting that Johnson did not expressly do away with the application of harmless error, held that impermissible statements under C.Cr.P. art. 770 could be subjected to harmless error analysis. State v. Moser, 588 So.2d 1243 (La.App. 1st Cir.1991), writ den., 594 So.2d 1314 (La.1992). This Court follows the Third and Fifth Circuits in reading La.C.Cr.P. 770 to mandate a mistrial, upon a motion by the defendant, once a Court determines that an impermissible statement existed within the hearing of the jury. We note that the Supreme Court, without actually ruling on the issue of harmless error, recently stated that "a trial court ‘shall’ declare a mistrial when the prosecutor 'refers directly or indirectly to ... (t)he failure of the defendant to testify in his own defense ...' ” State v. Sullivan, 596 So.2d 177, 187 (La.1992).

. In another case, the First Circuit held similar remarks by the prosecution did not mandate a mistrial in State v. Moser, 588 So.2d 1243 (La. App. 1st Cir.1991); writ den., 594 So.2d 1314 (La.1992). That case concerned a rape, in which one of the key issues was whether there was penial penetration. The prosecutor commented during closing that the victim's testimony regarding penial penetration was uncontroverted. While the First Circuit determined that the defendant was the only person who could contradict the victim's testimony, and that the prosecutor's remark thus drew attention to defendant’s failure to testify, the First Circuit held that the remark was harmless error. Id. at 1249.